UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
THOMAS PODGURSKI,

                                        Plaintiffs,

                -against-                    **MEMORANDUM OF DECISION AND ORDER**
                                                          10-CV-2316 (ADS)

TOWN OF NORTH HEMPSTEAD and MEYRAN
MARINE SERVICES, INC.,

                                        Defendants.
---------------------------------------------------------X

**APPEARANCES:**

**Bennett Guiliano McDonnell & Perrone**
Attorneys for the Plaintiffs
494 Eighth Avenue, 7th Floor
New York, New York 10001
      By: Nicholas P. Giuliano, Esq.
         Joseph J. Perrone, Esq., Of Counsel

**Tisdale Law Offices**
Attorneys for the Defendants
60 East 42nd Street, Suite 1638
New York, New York 10165
      By: Thomas L. Tisdale, Esq.
         Timothy J. Nast, Esq., Of Counsel

**SPATT, District Judge**.

      On November 14, 2011, the Court issued an Judgment against the Defendant

Meyran Marine Services, Inc. ("Meyran Marine") awarding the Plaintiff Thomas

Podgurski a total of $147,500.00 for the damages he suffered as a result of a

negligently installed temporary mooring. The Court did not find the Town of North Hempstead liable. Meyran Marine filed a Notice of Appeal with this Court on November 22, 2011.

Presently before the Court is a motion by the Defendant Meyran Marine Services Inc. to stay enforcement of the Judgment pending the conclusion of the Defendant's appeal under Federal Rule of Civil Procedure 62(d). Although the Plaintiff does not oppose the Defendant's motion, the Plaintiffs have requested that the Court stay the Judgment only if the Defendant posts a supersedas bond in the amount of 115% of the Judgment or the sum of $169,625.00.

## II. DISCUSSION

A.   Rule 62(d)

Rule 62(d) provides simply that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Where, as here, none of the exceptions in 62(a) are applicable, a "party seeking a stay of enforcement of a judgment pending appeal can obtain a stay as a matter of right under Rule 62(d) by posting a bond to secure the amount of the judgment." Pugach v. M & T Mortg. Corp., 2008 WL 2640465, at *1 (citing De la Fuente v. PCI

Telecomm., Inc., 269 F. Supp. 2d 237, 240 (S.D.N.Y.2003)).  Here, the Defendant is entitled to a stay as a matter of right because they intend to post a supersedeas bond pursuant to Rule 62(d).  "The supersedeas bond contemplated by Rule 62 must secure not only the total judgment, with costs and interest, but also any damages that may arise from the consequent delay in executing the judgment." Kazazian v. Bartlett & Bartlett LLP, 2008 WL 2477467, at *2 (S.D.N.Y. Jun. 19, 2008).  Accordingly, the Court finds that the Plaintiffs' proposed bond amount of 115% of the Judgment, or the sum of $169,625.00, is reasonable.

### III.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Judgment entered against the Defendant on November 14, 2011 is stayed pending the determination of the Defendant's appeal, and it is further

**ORDERED**, that the Defendants are directed to post a supersedeas bond in the amount of $169,625.00 no later than December 14, 2011.

**SO ORDERED.**

Dated: Central Islip, New York
       December 8, 2011

              /s/ Arthur D. Spatt
              ARTHUR D. SPATT
              United States District Judge